JAMES D. HEATHERINGTON, Appellant, *v.* CLAUS MARTENS, Respondent.

*Evidence justifying the payment by a sheriff to one of two claimants.*

What evidence will justify an order directing the payment of money by a sheriff to one of two adverse claimants.

APPEAL by the plaintiff, James D. Heatherington, from an order made by the county judge of Richmond county, at Chambers, and entered in the office of the clerk of the county of Richmond on the 10th day of May, 1893, directing the sheriff of Richmond county to pay to Margaret Fitzpatrick the sum of eighty-six dollars and sixty-eight cents.

*Charles L. Hubbell,* for the appellant.

*William A. Shortt,* for the respondent.

DYKMAN, J.:

This is an appeal from an order made by the County Court of Richmond county. The facts upon which the order was based are these: Martens recovered a judgment against one Fahy on the 19th day of December, 1892, for $418.42, and an execution was issued thereon to the sheriff, who made a levy under it. That judgment was assigned by Martens to Margaret Fitzpatrick, by an instrument made January 3, 1893, and filed and recorded in the office of the clerk of Richmnd county January 21, 1893. That assignment was

made for a valuable consideration and in good faith. Thereafter, on January twenty-third, Heatherington, the appellant, recovered a judgment against Martens for eighty-six dollars and sixty-eight cents in a court of a justice of the peace, and caused execution to be issued thereon to the sheriff. Before the return of the execution the appellant procured an order for the examination of Martens in proceedings supplementary to execution, on the allegation that he had property which he unjustly withheld, and Fahy, who was summoned as a witness, was enjoined from the payment of the judgment held by Miss Fitzpatrick. Martens, not being personally served, failed to attend the examination, and the appellant procured an order requiring him to show cause why he should not be punished for contempt, which was returnable on the fourteenth day of February.

Martens obtained an order to show cause, returnable the same day, why the order for his examination should not be vacated, upon the ground that the papers upon which it was obtained were insufficient to give jurisdiction.

On the fourteenth of February these motions were heard by the County Court and decided in favor of Martens, and the order for his examination was vacated and the injunction upon Fahy was dissolved. In order, however, to give the appellant an opportunity to examine Martens, it was ordered, by consent, that the amount due on the Martens judgment against Fahy should be turned over to the sheriff, and so much as was claimed by Heatherington upon his judgment against Martens, eighty-eight dollars and sixty-eight cents, should be held by that officer until the further order of the court. Thereupon Fahy paid the full amount of the judgment against him, the sheriff giving him a receipt for eighty-six dollars and sixty-eight cents, and the balance was turned over to Miss Fitzpatrick, and having thus paid the judgment, Fahy demanded a receipt and satisfaction thereof.

After waiting over seven weeks for the appellant to proceed with the examination of Martens, he offered to submit himself at any time for that purpose. Miss Fitzpatrick, on March thirtieth, gave notice as provided in the order of February fourteenth, of motion for an order directing the sheriff to pay to her the amount collected by him and held under the order of February fourteenth. On that

notice, and the affidavit of herself, Martens and Shortt, and on the order of February fourteenth and the sheriff's receipt, the County Court, after hearing both sides, made an order requiring the payment by the sheriff of the sum of eighty-six dollars and sixty eight cents remaining in his hands to Miss Fitzpatrick. None of the facts were controverted.

This statement of facts is abundantly sufficient to show the validity of the order. The sum in dispute was collected on the judgment owned and held by Miss Fitzpatrick, and her title thereto had been in no way impeached.

The sheriff, by the order of February fourteenth, was made a stakeholder of that sum of money until Heatherington should have an opportunity to examine Martens and investigate the transaction respecting the assignment. There was, therefore, no question for the court whatever, and it properly decided that the funds should be paid to Miss Fitzpatrick.

The money was collected by the sheriff on the Martens judgment which had been fairly assigned to Miss Fitzpatrick.

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

PRATT, J., concurred.

Order affirmed, with ten dollars costs and disbursements.

NOTE.— The rest of the cases of this term will be found in the next volume, 74 Hun.—[REPORTER.